COTTER-UNDERWOOD COMPANY v. W. D. WISE, BERRY WISE AND MOUNT OLIVE GROCERY & HARDWARE COMPANY, INTERVENOR.

(Filed 14 October, 1925.)

APPEAL by intervenor from judgment of Superior Court of JOHNSTON, September Term, 1924, *Barnhill, J.,* presiding. No error.

Plaintiff alleged in its complaint that as mortgagee, it was the owner of certain personal property described in a mortgage executed by defendants, W. D. Wise and Berry Wise. By virtue of a writ of claim and delivery issued in this action, the sheriff of Johnston County levied upon and seized said property, then in the possession of defendants. The Mount Olive Grocery and Hardware Company intervened in the action, alleging that it was the owner of said property by virtue of liens and mortgages executed by the defendants and recorded prior to the mortgage under which plaintiff claims. They gave the bond required by statute and thereupon the sheriff delivered the said property into its possession.

Upon the trial, the controversy between plaintiff and intervenor with respect to the ownership of said property was submitted to the jury upon the following issues:

First: "Is the intervenor, Mount Olive Grocery and Hardware Company, the owner and entitled to the possession of the property seized under claim and delivery proceedings issued in this cause?"

Second: "What was the value of the property seized or of the proceeds thereof received by the intervenor?"

Other issues relevant to plaintiff's action against defendants were submitted and answered in favor of plaintiff. The jury having answered the first issue "Yes" and second "$218.99," judgment was rendered in favor of plaintiff and against intervenor. From this judgment intervenor appealed.

*Ed S. Abell for plaintiff.*
*J. Faison Thompson for intervenor.*

STATE *v.* JACKSON.

PER CURIAM. At the close of all the evidence, intervenor moved for judgment. The motion was denied and intervenor excepted. There was no error in denying the motion. The mortgages under which intervenor claimed the property seized by the sheriff and delivered by him to intervenor, were registered prior to the registration of the mortgages under which plaintiff claimed. The burden, however, was upon the intervenor to offer evidence from which the jury could find by its greater weight that the property seized by the sheriff was the same as that conveyed in the mortgage from defendants to intervenor. That was a question for the jury to determine. The court properly submitted this question to the jury in its charge to which there was no exception.

There was no error in signing the judgment from which intervenor appealed. The judgment was in accordance with the verdict and with admissions made during the trial. Defendants have not appealed from the judgment and do not seem to have been present or represented by counsel at the trial. If the property seized by the sheriff was not subject to the lien executed by the defendants to the intervenor, it is not clear how the jury could have found that defendants falsely represented to the plaintiff at the time of the execution of the mortgage and notes set out in the complaint that there was no other claim on the property conveyed in the mortgage to plaintiff. The jury have found that the representation was not false in fact. This, however, is not presented upon the record and the judgment rendered in favor of the plaintiff and against the intervenor must be affirmed. There is

No error.